United States Bankruptcy Court
Eastern District of Pennsylvania

| | |
|---|---|
| In re:<br><br>      Thomas J. Prim,<br><br>              Debtor. | Case No. 23-10256-amc<br><br>Chapter 13 |

### Memorandum of Law in Support of Debtor's Objection
### to Claim No. 5 of Claimant Defense Finance and Accounting Service

Debtor Thomas J. Prim, by his attorney, relies on this memorandum of law in support of his objection to Claim No. 5 of Claimant Defense Finance and Accounting Service.

### Background

The Debtor filed this case voluntary under chapter 7 on January 27, 2023. Governmental creditors needed to file proofs of claim on or before July 26, 2023. Fed. R. Bankr. P.3002. On April 15, 2023, the Clerk notified creditors that a claim deadline of July 17, 2023, was set because the chapter 7 trustee discovered assets. ECF No. 14. On August 1, 2023, the case was converted to chapter 13 upon request of the debtor and with the consent of the chapter 7 trustee. ECF No. 53. On August 7, 2023, the Clerk sent creditors a notice properly stating that non-governmental claims could be filed until October 10, 2023, but improperly stating that governmental claims could be filed until January 28, 2024. ECF No. 59. The Defense Finance and Accounting Service, a creature of the U.S. Department of Defense and thus a governmental unit, filed Claim No. 5 untimely on January 9, 2024. This matter comes before the Court upon the Debtor's Objection to Claim No. 5. ECF No. 77.

### Preliminary Statement

The bankruptcy code provides a few milestones in the life cycle of each bankruptcy case: date of filing, meeting of creditors, proof of claim deadline, confirmation of plan, and discharge. In most cases, these milestones are concrete and obvious. But whenever a case is converted, debtors,

creditors, trustees, and even courts can easily trip over the cracks in the process that come when switching from one chapter to another.

When a voluntary case is filed under chapter 7, a governmental unit must file a proof of claim within 180 days. If the deadline passes before a governmental unit files a claim or a motion to extend the 180-day deadline, that governmental unit's ability to file a claim in the case is forever extinguished. When a chapter 7 case is converted to chapter 13, non-governmental units are allowed to file claims within 70 days of the conversion order. Although it is intuitive that the deadline would also reset for governmental units, the rules are counterintuitive (but deliberate).

Because DFAS had proper notice of this bankruptcy case and did not file its proof of claim within the initial 180-day period, the Court must disallow the claim.

## Legal Argument

The Federal Rules of Bankruptcy Procedure must be "construed . . . to secure the just, speedy, and inexpensive determination of every case and proceeding." Fed. R. Bankr. P. 1001. Given that, the Court need not look further than the rule that governs filing proofs of claim.

> In a voluntary chapter 7 case . . . or chapter 13 case, a proof of claim is timely filed if it is filed not later than 70 days **after the order for relief under that chapter or the date of the order of conversion** to a case under [chapter 13]. In an involuntary chapter 7 case, a proof of claim is timely filed if it is filed not later than 90 days **after the order for relief under that chapter is entered**. But in all . . . cases [a] proof of claim filed by a governmental unit [not] resulting from a tax return . . . is timely filed if it is filed not later than 180 days **after the date of the order for relief**. Fed. R. Bankr. P. 3002 (emphasis added).

Rule 3002 distinguishes the treatment of non-governmental claims from governmental claims. The rule carefully specifies that non-governmental claims are timely for 70 days after the order for relief or the date the case is converted to chapter 13. But for governmental units, the rule only says that claims are timely for 180 days after the order for relief, with no mention of an order of

2

conversion. Conversion from chapter 7 to chapter 13 does not change the date of the order for relief, except with respect to the automatic stay, the dischargeability of debts incurred after filing, and lease assumptions. 11 U.S.C. §348(a)-(c). That means the 180-day period referenced by these rules ran from January 27, 2023, until July 26, 2023. Because DFAS filed its claim after July 26, 2023, the claim is untimely and the Court must disallow it.

The Court must give the Federal Rules of Bankruptcy Procedure their plain meaning. *See Bus. Guides v. Chromatic Comm. Enterprises*, 498 U.S. 533, 540-41 (1991). Judicial interpretation is not appropriate wherever the Rules are clear and unambiguous. *Id*. If the Rules intended to allow governmental units to hit the reset button when a case is converted, the Rules would say so.

If DFAS filed its claim during the 70-day period for non-governmental claims that ran from August 1, 2023, until October 10, 2023, DFAS might have a good argument for allowing its claim. But DFAS failed to do so. DFAS might also argue that it relied on the Clerk's improper notice that governmental claims would be allowed until January 28, 2024. Although that idea may be tempting to the Court, neither the Rules nor the Bankruptcy Code allow the Clerk to arbitrarily set a proof of claim deadline under those circumstances. But, in any event, DFAS did not appear at the hearing on the objection to present a defense. For that reason, and the others stated, the Court must disallow the claim.

This might sound like a mistake. After all, the Bankruptcy Abuse Prevention and Consumer Protection Act is well known for its drafting errors, which include "spelling errors, erroneous statutory cross-references, incorrect grammar and terminology references, and mistakes in punctuation." Cong. Rec. H7158 (daily ed. Sept. 28, 2010) (Statement of Rep. Scott). The Court may be used to the unfortunate necessity of reading intent into the law where Congress failed to

make its intent known. But this is not BAPCPA – claim deadlines are prescribed by the Federal Rules of Bankruptcy Procedure, which are crafted to fill the holes BAPCIPA burned into the Bankruptcy Code. For that reason, the Court must infer that the Rules are deliberately written to give governmental creditors just one bite at the apple.

### Summary of Claim Deadlines
### January 2023 through January 2024

| | | | | |
|---|---|---|---|---|
| **Non-Governmental** | Jan. 27 to Apr. 7 | Apr. 15 to Jul. 17 | Aug. 1 to Oct. 10 | Too Late |
| **Governmental** | Jan 27. to Jul. 26 | | Too Late | |

### Conclusion

Because Claim No. 5 of DFAS is time-barred, the Court must disallow it in the form of order attached to the Debtor's objection.

Date: April 7, 2024

CIBIK LAW, P.C.
*Attorney for Debtor*

By: _____
Michael I. Assad (#330937)
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060
help@cibiklaw.com