**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| In re: | : | |
|     Thomas J. Prim | : | Chapter 13 |
|  | : | Bankruptcy No. 23-10256 [amc] |
| Debtors. | : | |

## RESPONSE TO DEBTOR'S OBJECTION TO CLAIM No. 5 OF DEFENSE FINANCE ACCOUNTING SERVICE

THE UNITED STATES OF AMERICA, on behalf of its agency, the Defense Finance Accounting Service (DFAS) files this response to the Debtor's Objection to Proof of Claim number 5 (ECF #77). Debtor's objection should be denied and DFAS's proof of claim should be allowed, or in the alternative, if the Court finds that DFAS's proof of claim is disallowed, the Court should find that the debt is an educational debt under 11 U.S.C. § 523 (a)(8) and nondischargeable, for the following reasons.

1. Introduction

Debtor Thomas J. Prim filed a voluntary petition seeking a Chapter 7 bankruptcy discharge on January 27, 2023. ECF #1. Debtor attempted to exempt $378, 041.75, apparently the proceeds of a lawsuit, as an exempt annuity under Pennsylvania law. ECF #1, Schedule C, part 2. Debtor listed the debt owed to DFAS for $152, 597 on his Schedule E/F, Section 4.1 as "Other/Academy debt." Debtor owes $152,597 to the United States to pay tuition because he attended the United States Naval Academy for three academic years but left the Academy before completing the program and he did not serve in the United States Navy. The Chapter 7 Trustee determined that debtor had sufficient assets to pay creditors and challenged Debtor's claimed exemption and moved to change the proceeding from a "no asset" case into an "asset" case. ECF #12.

1

Debtor subsequently moved to convert his bankruptcy from Chapter 7 to a Chapter 13 case. ECF #23. Debtor filed a proposed Chapter 13 plan that did not include payments on debtor's education debt owed to DFAS. The Bankruptcy Courts Clerk's Office sent notice to DFAS establishing the Government claim date as January 28, 2024. (ECF #59). DFAS filed its proof of claim for $152,597 on January 9, 2024. (Claim #5)

2. <u>DFAS Claim should be Allowed Because Debtor Did Not Properly Serve the United States Government Defendant</u>

Debtor did not serve the Creditor at the appropriate address to put Creditor on notice of a proof of claim deadline statutorily established by his filing a Chapter 7 petition on January 27, 2023. Federal Rule of Bankruptcy 3002 (c)(6) should protect DFAS from mistakes made by the Debtor or the Clerk's office. *In re Mazik*, 592 B.R. 812, 815 (Bankr. E.D. Pa. 2018) ("The Advisory Committee on Bankruptcy Rules was explicit about the purpose of this change. 'Subdivision (c)(6) is amended to expand the exception to the bar date for cases in which a creditor received insufficient notice of the time to file a proof of claim." Fed. R. Bankr. P. 3002, 2017 Committee Note (emphasis added).")

The unusual situation in this case results directly from the Debtor's actions. Debtor initially filed under Chapter 7 alleging "no assets" existed to pay his debts. But he then converted his bankruptcy to a Chapter 13 because debtor in fact had assets to pay his creditors and wished to prevent the Chapter 7 trustee from liquidating them. During the time that legal process played out, DFAS was prevented from asserting its claim because it was not properly served under Federal law.

2

Defendant's correct address for service in bankruptcy matters is established by regulation at DoDFMR, Volume 7A, Chapter 50, Paragraph 2.2.1.

> 2.2  Procedures
>
> 2.2.1. All Bankruptcy Notices and Chapter 13 withholding orders should be submitted or faxed to:
>
> DFAS Office of General Counsel
> Attn: Garnishment Law Directorate
> P.O. Box 998002
> Cleveland, OH 44199-8002
> Toll Free Fax: (877) 622-5930
> Commercial Fax: (216) 367-3675
>
> NOTE: DFAS Office of General Counsel, Garnishment Law Directorate, is the designated agent for service of process for all military members' bankruptcy notices and bankruptcy withholding orders.
>
> 2.2.2. The following information should be included with the bankruptcy order: full name, and full Social Security number.

Debtor did not serve defendant DFAS at the proper address and therefore did not perfect service. Debtor sent notice to the incorrect address.

[Schedule excerpt: 4.1 Defense Finance and Accounting Service, Nonpriority Creditor's Name, 8899 E 56th St, Indianapolis, IN 46249-0002. Last 4 digits of account number P1T5. $152,597.00. Debtor 1 only. Contingent, Unliquidated, Disputed. Not subject to offset. Other. Specify: Academy Debt.]

At some point, DFAS did learn of the matter. After the case was converted to Chapter 13, DFAS did timely file its proof of claim in accordance with the date provided by the Clerk's office. Debtor's objection should be denied because lack of adequate notice prevented DFAS from filing its claim within the statutory date established in 11 U.S.C. § 3002 for a case filed under Chapter 7. (Claim #5) (ECF #59).

    3. <u>The debt is owed to the United States for an educational benefit and is not dischargeable under 11 U.S.C. § 523(a)(8)</u>

It is not in dispute that debtor's obligation to repay the United States $152,587[1] is the result of his separation from the United States Navy after attending the United States Naval Academy from 2018 until June 2021. See Exhibit A – Certification Statement. The Third Circuit has determined that educational debt from a military academy, like Debtor's, is not dischargeable without a finding that repaying the education debt will result in an undue hardship. *See In re Udell*, 454 F.3d 180, 184 (3d Cir. 2006) ("We agree with the government that the District Court correctly determined that Udell's debt was not dischargeable absent a showing of undue hardship. It is a well-established canon of statutory construction that "'provisions in different statutes should, if possible, be interpreted so as to effectuate both provisions.'" [citations omitted]).

Debtor suggests that his debt is dischargeable because 5 years have passed since his separation from military service. 40 U.S.C. § 2005(d). The Third Circuit rejected that argument in *Udell*. As applied to this case, debtor separated from military service in June 2021 and remains within five years of his separation from service. Curiously, had debtor pursued a Chapter 7 discharge, the DFAS debt would not be discharged even under debtor's mistaken reading of the law; yet he may obtain the benefit of pursuing a Chapter 13 discharge unencumbered by the necessity of accounting for his debt to American taxpayers. DFAS asks the Court to clarify in its order, whether Claim 5 is allowed or disallowed, that his education debt to the United States is not dischargeable without a finding of undue hardship under 11 U.S.C. § 528(a)(8).

---

[1] DFAS's Proof of Claim lists the debt as $152,597 while the Certification Statement lists the debt as $152,587.

4

WHEREFORE, the United States respectfully requests that debtor's Objection to Claim #5 be denied.

    Respectfully submitted,

    JACQUELINE C. ROMERO
    United States Attorney

    /s/ Anthony St. Joseph
    ANTHONY ST. JOSEPH
    Assistant United States Attorney
    615 Chestnut Street, Suite 1250
    Philadelphia, PA  19106
    Tel:  215-861-8267
    Fax:  215-861-8618
    Anthony.Stjoseph@usdoj.gov

Dated: June 21, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a true and correct copy of the foregoing RESPONSE TO DEBTOR"S OBJECTION TO CLAIM #5 to be served upon the following by electronically filing to the Bankruptcy Court on this date:

Michael Assad
Cibik Law Offices
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
*Counsel for debtors*

Kenneth E. West
Chapter 13 Trustee
1234 Market Street,
Suite 1813
Philadelphia, PA 19107

U.S. Trustee
Office of the U.S. Trustee
Robert N.C. Nix Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107

    /s/ Anthony St. Joseph
    ANTHONY ST. JOSEPH
    Assistant United States Attorney

Dated: June 21, 2024