United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 23-10256-amc |
| Thomas J. Prim | Chapter 13 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 1 |
| Date Rcvd: Oct 03, 2024 | Form ID: pdf900 | Total Noticed: 1 |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 05, 2024:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | Thomas J. Prim, 1710 Martins Ln, Gladwyne, PA 19035-1122 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 05, 2024          Signature:          /s/Gustava Winters

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 3, 2024 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| ANTHONY ST. JOSEPH | on behalf of Creditor United States of America on behalf of DFAS anthony.stjoseph@usdoj.gov Mardella.Suarez@usdoj.gov,CaseView.ECF@usdoj.gov |
| MICHAEL A. CIBIK | on behalf of Debtor Thomas J. Prim help@cibiklaw.com noreply01@cibiklaw.com;noreply02@cibiklaw.com;noreply03@cibiklaw.com;noreply04@cibiklaw.com;noreply05@cibiklaw.com;cibiklawpc@jubileebk.net;cibiklaw@recap.email;ecf@casedriver.com |
| ROBERT W. SEITZER | on behalf of Attorney Karalis PC rseitzer@karalislaw.com jhysley@karalislaw.com;PA93@ecfcbis.com |
| SCOTT F. WATERMAN [Chapter 13] | on behalf of Trustee SCOTT F. WATERMAN [Chapter 13] ECFMail@ReadingCh13.com |
| SCOTT F. WATERMAN [Chapter 13] | ECFMail@ReadingCh13.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |

TOTAL: 6

UNITED STATES BANKRUTPCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:                                              :
                                                    :    Chapter 13
Thomas J. Prim,                                     :
                                                    :
            Debtor                                  :    Case No. 23-10256-AMC
_____                        :

# O R D E R

AND NOW, this 3rd day of October 2024, upon consideration of the *Debtor's Objection to Claim No. 5 of Claimant Defense Finance and Accounting Service* [Docket No. 77] ("Claim Objection") filed by Thomas J. Prim ("Debtor"); the *Memorandum in Support of Debtor's Objection to Claim Number 5* [Docket No. 83]; the *Supplemental Memorandum in Support of Debtor's Objection to Claim Number 5* [Docket No. 85]; the *Response to Objection to Claim Number 5 Filed by the United States of American on Behalf of DFAS* [Docket No. 92]; and the Debtor's *Response to the Response* [Docket No. 94]; and after notice and multiple hearings, the Court hereby finds as follows:

1. On January 27, 2023, the Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code. [Docket No. 1]. The deadline for governmental units to file proofs of claim was set as July 26, 2023. *See* Fed. R. Bankr. P. 3002(c).

2. On January 31, 2023, Robert W. Seitzer ("Trustee") was appointed as the chapter 7 trustee. [Docket No. 6].

3. On April 14, 2023, the Trustee filed a *Notice of Change from No Asset to Asset Case and Request to the Clerk to Fix a Bar Date to File Claims Against the Estate* [Docket No. 12], which identified July 17, 2023, as the deadline for creditors to file proofs of claim.

4. On May 2, 2023, the Debtor filed a motion ("Motion to Convert") seeking to convert his chapter 7 case to a case under chapter 13 of the Bankruptcy Code. [Docket No. 21].

5. On August 1, 2023, a consent order was entered which granted the Motion to Convert. [Docket No. 53].

1

6. On August 8, 2023, a *Notice of Chapter 13 Bankruptcy Case* was docketed which identified January 28, 2024, as the deadline for governmental units to file a proof of claim. [Docket No. 58].

7. On January 9, 2024, Defense Finance and Accounting Service ("DFAS"), a governmental unit, filed proof of claim 5-1 ("POC 5-1") asserting an unsecured claim in the amount of $152,597.00 ("Claim 5-1") based on a "government overpayment." *See* Claims Register. DFAS avers that the Debtor is obligated to repay the United States for the cost of his education at the United States Naval Academy from 2018 to 2021. The Debtor's obligation to reimburse the United States arose because the Debtor did not complete the program and did not serve in the United States Navy. *See* Doc. No. 92, pg. 4; *see also* Doc. No. 93, Exhibit A.

8. On January 9, 2024, the Debtor filed an objection to POC 5-1 ("Claim Objection"), arguing that Claim 5-1 must be disallowed pursuant to 11 U.S.C. § 502(b)(9) because POC 5-1 was untimely filed. [Docket No. 77].

9. An initial hearing was held on February 28, 2024, at which the Court noted that the *Notice of Chapter 13 Bankruptcy* identified January 28, 2024, as the deadline for governmental units to file proofs of claim. The Debtor requested – and the Court granted – the opportunity to submit a supplemental brief in support of the Claim Objection.

10. On April 7, 2024, the Debtor submitted a *Memorandum of Law in Support of Debtor's Objection to Claim No. 5 of Claimant Defense Finance and Accounting Service* [Docket No. 83] wherein the Debtor averred that the *Notice of Chapter 13 Bankruptcy* incorrectly identified January 28, 2024, as the deadline for governmental units to file a proof of claim. The Debtor argued that the Federal Rules of Bankruptcy Procedure do not provide for any extension of the bar date for governmental units when a chapter 7 case is converted to chapter 13. *Id.*

11. On April 10, 2024, the Debtor filed a *Supplemental Memorandum of Law in Support of Debtor's Objection to Claim No. 5 of Claimant Defense Finance and Accounting Service* [Docket No. 85] wherein the Debtor pointed out that noticing practices in this district have been inconsistent when cases have been converted from chapter 7 to chapter 13.

12. On June 21, 2024, the United States of America ("United States"), on behalf of DFAS, filed a *Response to Debtor's Objection to Claim No. 5 of Defense Finance Accounting Service* [Docket No. 92] wherein the United States argued that POC 5-1 should be allowed because the Debtor did not properly serve DFAS and the underlying debt is owed to the United States for a nondischargeable educational benefit pursuant to 11 U.S.C. § 523(a)(8).

13. On June 23, 2024, the Debtor filed a *Response to Defense Finance and Accounting Service's Response to Debtor's Objection to Claim* [Docket No. 94] wherein the Debtor argued that DFAS had adequate notice of the Debtor's bankruptcy case and the Court should disregard DFAS's argument regarding dischargeability because that argument has no bearing on the Claim Objection.

14. On June 26, 2024, a hearing was held. At the hearing, the United States withdrew its argument that the United States did not receive proper notice of the Debtor's bankruptcy case. The hearing was continued to allow the parties to discuss settlement.

15. On August 23, 2024, the Debtor filed a *Notice to the Court* [Docket No. 100] indicating that the Debtor had rejected DFAS's proposed settlement and settlement cannot be achieved.

16. On October 2, 2024, a hearing was held and concluded.

17. The Court agrees with the Debtor that POC 5-1 was untimely and must be disallowed pursuant to 11 U.S.C. § 502(b)(9). Section 502(b)(9) provides that "a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide."

18. Federal Rule of Bankruptcy Procedure 3002(c) ("Rule 3002(c)") governs extensions of time to file proofs of claim when a voluntary chapter 7 case is converted to a case under chapter 13. Rule 3002(c) states, in relevant part:

> In a voluntary chapter 7 case, . . . or chapter 13 case, a proof of claim is timely filed if it is filed not later than 70 days after the order for relief under that chapter or the date of the order of conversion to a case under chapter 12 or 13. . . But in all these cases, the following exceptions apply:

> (1) A proof of claim filed by a governmental unit, other than for a claim resulting from a tax return filed under § 1308, is timely filed if it is filed no later than 180 days after the date of the order for relief . . .

19. Conversion from chapter 7 to chapter 13 does not change the date of the order for relief subject to certain limited exceptions. *See* 11 U.S.C. § 348(a)-(c).

20. Here, although the Court recognizes that the *Notice of Chapter 13 Bankruptcy Case* identified January 28, 2024 as the deadline for governmental units to file a proof of claim after the Debtor's case was converted, the United States has not directed the Court to a rule or other legal authority allowing governmental entities to file proofs of claim for an additional 180-day period after conversion, and the Court has found none. As such, the Court determines that POC 5-1 was untimely notwithstanding the apparent error of the Clerk's Office in purporting to extend the deadline for governmental proofs of claim.

21. That said, pursuant to 11 U.S.C. § 523(a)(8), an "educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution" is nondischargeable absent a showing that excepting such debt from discharge would impose an undue hardship on the Debtor or the Debtor's dependents.

22. The creditor bears the initial burden to establish that the debt falls within § 523(a)(8). *See In re Rumer*, 469 B.R. 553 (Bankr. M.D. Pa. 2012).

23. The Third Circuit Court of Appeals has determined that educational debt from a military academy is not dischargeable without a finding that repaying the educational debt will result in an undue hardship. *See In re Udell*, 454 F.3d 180, 184 (3d. Cir. 2006).

24. Here, since the debt owed to DFAS is the cost of the Debtor's attendance at the United States Naval Academy, Claim 5-1 is an "educational benefit overpayment or loan made, insured or guaranteed by a governmental unit" and therefore is not dischargeable without a finding of undue hardship pursuant to 11 U.S.C. § 523(a)(8).

25. It is hereby ORDERED that POC 5-1 is DISALLOWED as untimely.

26. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement, or interpretation of this Order.

Date: Oct. 3, 2024

_____

Ashely M. Chan

United States Bankruptcy Judge